NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: JOHN ROBERT BUTLER, STULLER, INC.,**
*Appellants*

---

2023-2380

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 16/891,541.

---

Decided:  September 17, 2025

---

RONALD BENNETT FORD, JR., Roy Kiesel Ford Doody & North, APLC, Baton Rouge, LA, argued for appellants. Also represented by CHAD GRAND.

MONICA BARNES LATEEF, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Coke Morgan Stewart. Also represented by AMY J. NELSON, MAUREEN DONOVAN QUELER.

---

Before PROST, LINN, and REYNA, *Circuit Judges*.

REYNA, *Circuit Judge*.

Appellants, John Robert Butler and Stuller, Inc., appeal a final written decision of the U.S. Patent Trial and Appeal Board affirming a patent examiner's rejection of

claims 1–15 of U.S. Patent Application No. 16/891,541 for lack of written description under 35 U.S.C. § 112(a). For the reasons stated below, we affirm.

## BACKGROUND

On June 3, 2020, Appellant John Robert Butler filed U.S. Patent Application No. 16/891,541 (the "'541 application"), which is assigned to Appellant Stuller, Inc. The '541 application is a continuation of U.S. Patent Application No. 14/945,230, which is a continuation of U.S. Patent Application No. 13/224,116 (the "'116 application"). The '541 application is directed to a hardened, corrosion-resistant sterling silver alloy. '541 application at 1. The '541 application explains that traditional sterling silver is relatively soft and susceptible to corrosion or tarnishing. *Id.* at 1–2. These characteristics can be disadvantageous in certain jewelry-making applications. For example, the alloy's softness may hinder stone setting and the formation of durable hinges and clasps. *Id.* The '541 application asserts that various alloying elements—such as palladium and tin—can be used in the art to improve tarnish resistance and hardness of the sterling silver. *Id.* at 5. The '541 application purports to address the shortcomings of traditional sterling silver by incorporating such elements into its alloy composition. *Id.* at 3–5.

Claims 1–15 of the '541 application are at issue on appeal. Claim 1, which is representative and dispositive of the remaining claims, is shown below:[1]

1. A sterling silver comprising:

at least about 92.5 percent, by weight, silver, and wherein said silver is alloyed with between

---

[1] Because Claim 1 is the sole independent claim, the patentability of the remaining dependent claims rises and falls with it.

about 2.0 percent and about 3.7 percent copper by weight, and between about 2.5 percent and about 3.3 percent palladium by weight, and tin and *wherein said sterling silver is free of germanium.*

*Id.* at claim 1 (emphasis added). Relevant to this appeal, the negative limitation "free of germanium" is claimed in the '541 application, but it was not claimed in the '116 application.

During the prosecution of the '541 application, the examiner rejected claims 1–15 for lack of written description support under 35 U.S.C. § 112(a), finding that the specification of the '116 application (the "original disclosure") lacked adequate support for the negative limitation "free of germanium." J.A. 178–83. Mr. Butler appealed the decision to the U.S. Patent Trial and Appeal Board ("Board"). Mr. Butler argued that figure 1 of the original disclosure illustrates a germanium-free sterling silver alloy because it lists a preferred alloy composition *without* germanium, as shown below:

| Component | Acceptable Range* | Preferred Percentage* |
|---|---|---|
| Silver | 92.5 % (minimum) + | 92.7% |
| Copper | 2.0 to 3.7 % | 2.8 % |
| Palladium | 2.5 to 3.3 % | 2.75 % |
| Tin | 0.5 to 1.25 % | 1.0 % |
| Zinc | 0.5 to 1.25 % | 0.75 % |
| Grain Refiner | 0 to 0.01% | 0.005% |

\* All percentages are by weight

'116 application, figure 1, at J.A. 71.

Mr. Butler also asserted that the original disclosure identifies various advantages of the preferred alloy over a well-known germanium-based, tarnish-resistant sterling silver, Argentium. According to Mr. Butler, a skilled

artisan would have been aware of Argentium's disadvantages despite its tarnish resistance. Mr. Butler contended that, given this background knowledge and the original disclosure's discussion of a germanium-free alloy that outperforms its germanium-containing counterpart, a skilled artisan would have had "ample reason to omit germanium from a tarnish resistant sterling alloy." *Ex Parte John Robert Butler*, No. 2022-002926, 2023 WL 4289547, at *2 (P.T.A.B. June 29, 2023) ("*Final Decision*"). Mr. Butler maintained that this was sufficient to show possession of the negative limitation.

The Board affirmed the examiner's rejection. *Id.* at *3. The Board observed that the preferred germanium-free alloy of figure 1 did not comprise the composition and percentage of elements recited in claim 1. The Board therefore concluded that figure 1 disclosed an alloy that supported only its illustrated composition, not the broader composition recited in claim 1. The Board further determined that the original disclosure did not link any performance advantages of the claimed alloy to the absence of germanium, and that Mr. Butler's reliance on a skilled artisan's knowledge of Argentium's drawbacks showed, at most, an obvious variant, rather than possession of the fully claimed scope.

Appellants timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's legal determinations de novo and its underlying factual findings for substantial evidence. *See Almirall, LLC v. Amneal Pharms. LLC*, 28 F.4th 265, 271 (Fed. Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Whether a claimed invention is supported by an adequate written description is a question of fact. *Ariad Pharms., Inc. v. Eli Lilly &*

*Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc). A continuation application is entitled to the filing date of its parent only if the earlier application provides written description support for the claimed subject matter. *Id.*

Appellants raise one principal issue on appeal: whether the original disclosure provides adequate written description support under 35 U.S.C. § 112(a) for the negative limitation, "free of germanium," recited in claim 1 of the '541 application, noting that the '541 application and '116 application have identical written descriptions and drawings. Appellants' Br. 3–5. Appellants specifically argue (1) that the Board applied the wrong legal standard when assessing the written description requirement and (2) that its determination of lack of written description support is unsupported by substantial evidence. Appellants' Br. 5–6. We disagree.

## I.

The Board correctly articulated and applied the governing standard for written description inquiries. *Final Decision*, 2023 WL 4289547, at *2–3 (citing *Novartis Pharms. Corp. v. Accord Healthcare, Inc.*, 38 F.4th 1013, 1016 (Fed. Cir. 2022)). As the Board noted, the written description requirement is satisfied if the patent specification "reasonably convey[s] to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Novartis*, 38 F.4th at 1016 (quoting *Ariad Pharms.*, 598 F.3d at 1351). As it relates to negative limitations, the specification need not recite the negative limitation verbatim to satisfy the written description requirement, but generally, there must be something in the specification that "describes a reason to exclude the relevant element." *Id.* at 1017 (citation modified); *see also Santarus, Inc. v. Par Pharm., Inc.*, 694 F.3d 1344, 1351 (Fed. Cir. 2012). The sufficiency of a disclosure is assessed on a case-by-case basis. *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1562 (Fed. Cir. 1991).

In this case, the Board noted that the original disclosure compares the corrosion performance of the preferred alloy both to a germanium-containing alloy, Argentium (Alloy A), and to four other commercial alloys (Alloys B–E) that *lack* germanium but "contain at least one element other than germanium not recited in Appellant's claims." *See Final Decision*, 2023 WL 4289547, at *2; *see also* '116 application, figure 3, at J.A. 72. In doing so, the Board observed that, because the disclosure shows the "superiority of Appellant's preferred alloy compared to alloys that do not contain germanium, the results do not attribute the superiority to [the] lack of germanium." *Final Decision,* 2023 WL 4289547, at *2. Appellants assert that this statement demonstrates the Board required the original disclosure to attribute certain advantages of the claimed invention as due to the omission of germanium. Appellants' Br. 20–22. Appellants argue that such a requirement is improper because, under our precedent, if the specification "properly describ[es] alternative features—without articulating advantages or disadvantages of each feature—[it] can constitute a 'reason to exclude.'" *Inphi Corp. v. Netlist, Inc.*, 805 F.3d 1350, 1355 (Fed. Cir. 2015); *see also* Appellants' Br. 20–22. We disagree.

The Board did not *require* that the original disclosure attribute advantages of the claimed invention to the lack of germanium in order to satisfy the written description requirement. Rather, the Board merely recognized that the original disclosure failed to do so. The Board did not err by highlighting this deficiency, as it is well established that a specification's "discussion of disadvantages or alternatives" *may* indicate a reason to exclude an element. *Novartis*, 38 F.4th at 1017. As explained below, the Board also rejected Appellants' assertion that a skilled artisan would have had a reason to exclude germanium based on the original disclosure. *Infra,* Section II. Accordingly, the Board analyzed

the § 112 written description requirement under the correct legal standard for assessing negative limitations.[2]

## II.

The Board's conclusion that the negative limitation lacks written description support in the original disclosure is supported by substantial evidence. Following *Inphi*, we emphasized that one "reason to exclude an element could be found [if] the specification 'distinguishes among' the element and alternatives to it." *Novartis*, 38 F.4th at 1016 (citing *Inphi*, 805 F.3d at 1357). As we have explained, the "common denominator" of the examples where this court has found a specification describes a reason to exclude a relevant element is "*disclosure* of the element. That makes sense because the hallmark of written description is disclosure. Silence is generally not disclosure." *Novartis*, 38 F.4th at 1017 (emphasis added) (citations and quotations omitted).

Here, the original disclosure includes only one cursory reference to the chemical symbol for germanium when describing the components of the comparative alloy

---

[2]    The Board noted that Appellants' assertions that a skilled artisan would recognize a reason to exclude germanium amounted to an argument that the claimed "germanium-free sterling silver . . . would have been an obvious variant of Appellant's originally-disclosed sterling silver that is not disclosed as being free of germanium," which is insufficient to establish written description support under our precedent. *Final Decision,* 2023 WL 4289547, at *3 (citing *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997)). Rather, as we explained in *Lockwood*, a skilled artisan demonstrates possession of the claimed invention "by describing *the invention*," not by describing "that which makes [the claimed invention] obvious." *Lockwood*, 107 F.3d at 1572.

Argentium. '116 application at J.A. 68 (noting Argentium has "the following composition: 92.7 percent Ag; 5.5 percent Cu; and 1.8 percent Ge."). The original disclosure otherwise does not discuss this element. *Novartis*, 38 F.4th at 1017 ("[T]he written description requirement cannot be met through simple disregard of the presence or absence of a limitation."). For example, the original disclosure never describes germanium itself as an alternative element, much less distinguishes it from other elements included in the claimed sterling silver composition. Instead, it describes a comparative alloy containing germanium, Argentium, as an alternative to a preferred alloy that is different from the sterling silver of claim 1. Moreover, as the Board recognized, the original disclosure also compares the preferred alloy to four other commercial alloys that exclude germanium, like the claimed sterling silver alloy. The original disclosure then contends that the preferred alloy outperforms these non-germanium-based alloys. As such, the Board reasonably concluded that the comparison to various alternative alloys neither distinguishes germanium nor suggests the inventor intended to exclude or omit germanium in the claimed invention.

While it is true that there are instances where "the written description requirement [could] be satisfied despite the specification's silence" regarding a negative limitation, here there is substantial evidence that Appellants do not satisfy the requisite standard. *Id.* at 1018. That is, a patent owner may demonstrate a reason to exclude a limitation if the patent owner can "establish that a particular limitation would always be understood by skilled artisans as *being necessarily* excluded from a particular claimed method or apparatus if that limitation is not mentioned." *Id.* (emphasis added). Here, Appellant submitted an expert

declaration in support of his appeal before the Board.[3] While the declaration states that the listing of elements of the preferred alloy in figure 1 "appears to be comprehensive," it does not establish that a skilled artisan would *always* understand that germanium should be necessarily excluded. J.A. 169. Thus, substantial evidence supports the Board's conclusion that the negative limitation lacks explicit written description support.

In sum, although the '116 application discloses a preferred alloy that does not list germanium, the Board reasonably concluded that it does not provide a reason to exclude germanium or otherwise reasonably convey possession of the claimed germanium-free alloy at its time of filing. Accordingly, we conclude that the Board applied the correct legal standard in affirming the examiner's rejection and that its final written decision is supported by substantial evidence.

## CONCLUSION

We have considered Appellants' remaining arguments and find them unpersuasive. For the reasons provided, we affirm the Board's decision to sustain the examiner's

---

[3] Appellants assert that the Board ignored its expert declaration and failed to consider the written description question from the perspective of a skilled artisan. But this is incorrect. The Board did not summarily dismiss "the declaration, without an adequate explanation of why the declaration failed to rebut the Board's prima facie case of inadequate description." *In re Alton*, 76 F.3d 1168, 1174 (Fed. Cir. 1996). Rather, the Board acknowledged Appellants' expert declaration and the knowledge of a skilled artisan and found that it did not demonstrate possession of the claimed germanium-free alloy. *Final Decision,* 2023 WL 4289547, at *1–3.

rejection of claims 1–15 of the '541 application for lack of written description under 35 U.S.C. § 112(a).

**AFFIRMED**

COSTS

Costs against Appellants.